In the Matter of the Application of THE CITY OF NEW YORK, Relative to Acquiring Title, Wherever the Same Has Not Been Heretofore Acquired for the Same Purpose in Fee to the Real Property Required for the Opening and Extending of Northern Boulevard (Jackson Avenue, Broadway), from Main and Farrington Streets to the United States Bulkhead Line of the Flushing River, Subject to the Rights, if Any, of the LONG ISLAND RAILROAD COMPANY and of the NEW YORK AND QUEENS COUNTY RAILWAY COMPANY, and King Road, from Lawrence Street to Northern Boulevard (Broadway), in the Borough of Queens, the City of New York.

THE CITY OF NEW YORK, Appellant; THOMAS ADIKES and Others, Respondents.

Second Department, March 16, 1934.

*Edward A. Weingarten* [*Paul Windels, Corporation Counsel,* and *Joel J. Squier* with him on the brief], for the motion.

*Clinton T. Roe, Meyer Wilen* [*Frank J. Derrick* with him on the brief], *Harold R. Zeamans* and *Maurice L. Rippe,* opposed.

HAGARTY, J. In this condemnation proceeding, instituted by the city of New York pursuant to the provisions of the Greater New York Charter to acquire title to the real property required for the opening and extending of Northern boulevard, in the borough of Queens, the city moves for an order directing certain designated claimants to accept notices of appeal served by the city on the 3d day of February, 1934, which notices were returned for the assigned reason that the appeal was not taken within the time prescribed by law. This motion presents the question of whether or not the notices of appeal were filed and served in time.

The decree which the city seeks to review involves awards amounting to upwards of $3,500,000, is dated the 8th day of December, 1933, and was filed and entered in the office of the clerk of the county of Queens on the twenty-first day of that month. On the 4th day of January, 1934, the corporation counsel, representing the city, mailed notices to all the claimants, or their attorneys, notifying them that the final decree had been filed. Thereafter, and on the 3d day of February, 1934, the city served the attorneys for the claimants with its notice of appeal, and also filed it with the clerk of the county of Queens. The notices of appeal were returned for the reason that it was claimed that the time to appeal had expired.

The Greater New York Charter (§§ 970–1003, inclusive), relating to the method of acquiring title to real property for streets, parks and other purposes, was amended by chapter 606 of the Laws of 1915, changing the commissionership procedure to the court trial procedure. The charter, as so amended, prescribed the procedure in condemnation proceedings not only prior to and including the entry of the final decree, but on appeal to the Appellate Division and to the Court of Appeals. Subsequently, and by chapter 259 of the Laws of 1917, section 995, which provides for appeals to the Appellate Division, was amended so that the section, in so far as it is material to the question now before us, reads: " The city of New York or any party or person affected by the proceeding and aggrieved by the final decree of the court therein as to awards or as to assessments, or either of them, or by the order of the court entered on the motion to confirm the report of the commissioners of estimate or of the commissioner of assessment, or either of them, may appeal to the appellate division of the court. *An appeal from the final decree of the court must be taken within thirty days after*

*notice of the filing of said final decree. Except as herein otherwise provided,* such appeal shall be taken and heard in the manner provided by the code of civil procedure and the rules and practice of the court in relation to appeals from orders in special proceedings, and such appeal shall be heard and determined by such appellate division upon the merits both as to matters of law and fact."

As originally enacted by the Laws of 1915 (Chap. 606), section 995 did not contain the italicized words. They were added by the Laws of 1917 (Chap. 259).

Prior to the change of procedure in condemnation proceedings, the appeal to the Appellate Division was from the order confirming the report of the commissioners, and in order to limit the time to appeal under that procedure, it was not necessary to serve on the adverse party a copy of the report, with the damage and benefit maps and schedules of awards and assessments, but only a copy of the order, with notice of entry thereof. When the court trial procedure was adopted, in 1915, no provision was made in section 995, as then enacted, for dispensing with the service on the adverse party of a complete copy of the final decree, with notice of entry, pursuant to the provisions of the Code of Civil Procedure, as then existing. Apparently it was overlooked that the appeal was from the final decree and not from the order confirming the commissioners' report, as theretofore. It was for the purpose of curing that apparent defect that the section was amended, dispensing with that cumbersome, expensive and unnecessary procedure.

In compliance, therefore, with the provisions of section 995 of the charter, as amended, the notice of appeal was served by the corporation counsel. The claimants served no such notice, but now argue that the time, as against the city, began to run at the time the decree was filed, for the reason that it was filed and entered by the corporation counsel as the attorney for the city and that the provisions of section 612 of the Civil Practice Act are controlling.

There are two answers to that claim: *First,* that the Legislature did not intend by the enactment of section 612 of the Civil Practice Act to repeal other statutes which provided a different method of limiting the time within which an appeal may be taken to this court; *second,* that in any event the final decree was not entered and filed by the corporation counsel in his capacity as attorney for the city, but was filed in the county clerk's office at his request, acting as a representative of the court.

Discussing these propositions of law in the order in which I have stated them, section 612 of the Civil Practice Act provides for appeals from judgments and orders, " *except as otherwise provided by statute,*" and directs that such appeals must be taken within

thirty days " after service upon the attorney for the appellant of a copy of the judgment or order appealed from and a written notice of the entry thereof except that the party entering the judgment or order, or serving the notice of the entry thereof, shall not be entitled to further notice to limit his time to appeal." The exception includes appeals authorized by special statute, such as section 995 of the Greater New York Charter, which latter section provides the procedure in these proceedings " Except as herein otherwise provided." There is no provision in section 995 of the charter analogous to that in section 612 of the Civil Practice Act providing that the party entering the judgment or order or serving the notice of entry thereof shall not be entitled to further notice to limit his time of appeal. Therefore, the claimants had thirty days within which to appeal after the notice of the filing of the final decree was served on them. Perhaps a strict construction of the charter (§ 995) would limit the city to the same time, but since the city had that time at least and since the appeal was in fact taken within it, that question need not be decided here.

Even if section 612 of the Civil Practice Act were otherwise applicable, the filing of the final order in condemnation proceedings is not such an act by the corporation counsel as dispenses with the necessity of serving him with a notice of the filing thereof in order to limit his time to appeal, within the meaning of that section. The charter contains no provision imposing upon the corporation counsel the duty of filing the final decree. Section 977 provides: " The corporation counsel shall furnish the court * * * such necessary clerks and other employees as may be required * * * to enable the court * * * to fully and satisfactorily discharge the duties imposed by law." By the provisions of section 1001, after the Special Term has made its determination as to the amount of the awards the court shall " instruct the corporation counsel to prepare separate tabular extracts of its estimate of damage and of its estimate of assessments for benefit." It is further provided (§ 1003) that " After considering the objections, if any, and making any corrections or alterations in the tentative decree as to awards for damage or assessments for benefit, which the court shall consider just and proper, the justice trying the proceeding shall give instructions to the corporation counsel as to the preparation of the final decree." In rendering such assistance to the court in the preparation of the tentative and final decrees in compliance with the provisions of the charter, the clerks appointed by the corporation counsel act as representatives of the court, and not of the corporation counsel as attorney for the city of New York, a party to the proceeding.

432

The only provision of the charter as to the filing of the final decree appears in section 1003: " The final decree or decrees, together with all of the affidavits and proofs upon which the same is based, shall be filed in the office of the clerk of the county where the real property affected by the proceeding is situated." After the decree has been signed by the justice, it is filed by the clerk of the court and not by the corporation counsel. Consequently the filing of the decree does not constitute the filing or entry by a party as contemplated by section 612 of the Civil Practice Act, even if that act were otherwise applicable. Further, the final decree contains no recitals to the effect that it was entered on the motion of the city or by the corporation counsel. To the contrary, it is recited in the decree, among other things, that " I, the Justice who made the tentative decree, gave instructions to the Corporation Counsel as to the preparation of the final decree, and the said final decree having been prepared in accordance with the provisions of Section 1003 of the Greater New York Charter, as amended,   *   *   *."

The motion should be granted, with ten dollars costs.

LAZANSKY, P. J., SCUDDER and TOMPKINS, JJ., concur; CARSWELL, J., concurs upon the ground that the corporation counsel, in submitting the decree, was acting in a clerical capacity for the court.

Motion to direct certain respondents to accept the notice of appeal served by appellant, The City of New York, to extend time to perfect the appeal and for a stay granted, with ten dollars costs.